UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TERRANCE D. CURRAN, ) | CASE NO. 4:15CV2648 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE PATRICIA A. GAUGHAN |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| ACTING COMMISSIONER OF ) | **Report & Recommendation** |
| SOCIAL SECURITY, ) | **of Magistrate Judge** |
| ) | |
| Defendant. ) | |

This matter is before the Court on counsel for Plaintiff's motion for attorney fees in the amount of $12,125.75 filed on October 16, 2018 pursuant to 42 U.S.C. § 406(b) of the Social Security Act for 25.30 hours of work. ECF Dkt. #20. On October 30, 2018, Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security ("Defendant"), filed a response to the motion requesting that the Court determine an appropriate fee for the services of Plaintiff's counsel. ECF Dkt. #21. On November 7, 2018, Judge Gaughan referred the instant motion to the undersigned for Report and Recommendation. ECF Dkt. #22.

For the following reasons, the undersigned recommends that the Court GRANT the motion for attorney fees and award Plaintiff's counsel attorney fees in the amount of $12,125.75, provided that he returns to Plaintiff $4,500.00 in fees previously awarded under the EAJA,. ECF Dkt. #20.

**A.** **PROCEDURAL HISTORY**.

On December 9, 2016, this Court adopted the undersigned's Report and Recommendation in the above case and reversed the Commissioner's decision and remanded the case for the reasons

---

[1]On January 23, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

stated in the Report and Recommendation. ECF Dkt. #s 16, 17. On January 11, 2017, Plaintiff and Defendant filed a stipulation and order to award attorney fees in the amount of $4,500.00 and $400.00 in costs pursuant to the Equal Access to Justice Act ("EAJA"). ECF Dkt. #19.

On October 16, 2018, Plaintiff's counsel filed the instant motion for attorney fees pursuant to 42 U.S.C. § 406(b)(1), requesting attorney fees in the amount of $12,125.75 for 25.30 hours of attorney work performed before this Court. ECF Dkt. #20. On October 30, 2018, Defendant filed a response requesting that the Court determine a reasonable amount of attorney fees for services rendered in this Court. ECF Dkt. #21. On November 7, 2018, the Court referred this motion to the undersigned for Report and Recommendation. ECF Dkt. #22.

The undersigned notes that in the instant motion for attorney fees, counsel for Plaintiff represented that he would refund to Plaintiff directly the $4,500.00 in attorney fees previously awarded under the EAJA. ECF Dkt. #20-2 at 5. Moreover, in her response, Defendant does not object to the amount of hours that Plaintiff's counsel expended on this case and does not set forth an argument as to the reasonableness of attorney fees sought by Plaintiff's counsel. ECF Dkt. #21.

**B.    LAW AND ANALYSIS**

42 U.S.C. § 406(b), captioned "Fees for representation before court," reads, in pertinent part:

(1) (A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Fees under § 406(b)(1)(A) are awarded from past-due benefits withheld from the claimant by the Commissioner. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792, 122 S.Ct. 1817 (2002). "The Court may

award fees only for work performed before the Court and not before the Social Security Administration." *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir.1994) (en banc)). Moreover, when both § 406(b) fees and EAJA fees are awarded, a claimant's attorney and not the Commissioner refunds the smaller amount to the claimant. *Gisbrecht*, 535 U.S. at 796.

Generally, a contingency fee that amounts to twice the attorney's standard hourly rate is *per se* reasonable and the Sixth Circuit modified this presumption by setting a floor for the court's review of contingency fees: "a hypothetical hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec. of HHS*, 923 F.2d 418 (6th Cir.1991). Deductions for large fees are permissible if: (1) there is improper conduct or ineffectiveness of counsel; or (2) counsel would otherwise enjoy a windfall because of either a inordinately large benefit awarded or minimal effort expended. *Id.* at 421.

Counsel for Plaintiff in the instant case requests $12,125.75 for 25.30 hours of work, which represents an hourly rate of $479.28. ECF Dkt. #20. Defendant requests that the Court determine whether the attorney fee for Plaintiff's counsel is reasonable or otherwise determine a reasonable rate. ECF Dkt. #21. Defendant does not set forth opposition to Plaintiff's counsel's representation of the number of hours expended on Plaintiff's case before this Court. *Id.*

The undersigned recommends that the Court GRANT Plaintiff's motion for attorney fees pursuant to § 406(b)(1) for the requested amount of $12,125.75. ECF Dkt. #20. There is no delay or improper conduct by counsel or ineffectiveness in this case, especially since counsel was successful in obtaining a remand. Further, Plaintiff's counsel has extensive experience in social security cases and the brief submitted by counsel was thorough in its coverage of Plaintiff's medical conditions and it was well-researched and written. ECF Dkt. #20-2 at 3-5.

**C.** **RECOMMENDATION & CONCLUSION**

For the above reasons, the undersigned recommends that the Court grant Plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b)(1) and award attorney fees payable directly to Plaintiff's counsel in the amount of $12,125.75, provided that Plaintiff's counsel returns $4,500.00 to Plaintiff that was previously awarded under the EAJA.   ECF Dkt. #20.


Dated: December 10, 2018          /s/ *George J. Limbert*
                                 **GEORGE J. LIMBERT**
                                 **UNITED STATES MAGISTRATE JUDGE**



ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).